IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANITA M. WHITFIELD, | § | |
|    Plaintiff, | § | |
| | § | |
|  v. | § | No. 4:14-cv-02047 |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | JURY TRIAL DEMANDED |
|    Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Hewlett-Packard Company ("Defendant" or "HP") files this Answer to Plaintiff's Original Complaint.

**I.**
**THE PARTIES**

1.01    Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residency and therefore denies the same; denies the remainder of the allegations contained in Paragraph 1.01 of the Complaint.

1.02    Defendant denies that it is a domestic limited partnership; admits that it is qualified to transact business in the State of Texas and that it may be served with process in Texas by serving C.T. Corporation as HP's agent for service of process; denies the remainder of the allegations contained in Paragraph 1.02 of the Complaint.

**II.**
**JURISDICTION AND VENUE**

2.01    Defendant admits only that Plaintiff purports to assert claims under 42 U.S.C. §1981 that would be within the jurisdiction of this Court; HP denies that Plaintiff suffered any actionable harm for which HP is liable and denies that Plaintiff is entitled to relief under the cited

statutes or any relief whatsoever from HP; denies the remainder of the allegations contained in Paragraph 2.01 of the Complaint.

2.02    Defendant admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division, but denies any implication or inference that any wrongful acts as alleged by Plaintiff in the Complaint occurred; denies the remainder of the allegations contained in Paragraph 2.02 of the Complaint.

### III.
### FACTUAL ALLEGATIONS

3.01    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's employment with Compaq and therefore denies the same; denies that HP "took over" Compaq; denies the remainder of the allegations contained in Paragraph 3.01 of the Complaint.

3.02    Denied as stated; Defendant states that it hired Plaintiff on or about March 12, 2012 as a Manufacturing Supervisor; is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3.02 of the Complaint and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.02 of the Complaint.

3.03    Denied as stated; Defendant states that Plaintiff was relocated to the "M5" building after approximately two weeks of training in building "M6" had been completed and that Plaintiff was counseled to wear clothing appropriate for a manufacturing environment; denies the remainder of the allegations contained in Paragraph 3.03 of the Complaint.

3.04    Denied as stated; Defendant states that there was a company-hosted outing to BJ's Restaurant & Brewery on or about June 14, 2012; is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's thoughts and therefore

Defendant Hewlett-Packard Company's
Answer to Plaintiff's Original Complaint – Page 2

denies the same; denies the remainder of the allegations contained in Paragraph 3.04 of the Complaint.

3.05    Denied as stated; on information and belief, Defendant states that on one occasion Plaintiff's personal belongings were moved out of a conference room and into the cubicle assigned to Plaintiff; states further that Plaintiff informed Mitch Fuentes of the same; is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's knowledge and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.05 of the Complaint.

3.06    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged picture and the date on which Plaintiff claims to have built units and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.06 of the Complaint.

3.07    Denied as stated; Defendant states that Plaintiff was counseled regarding the appropriate way to write a Passdown and wearing clothing appropriate for a manufacturing environment; denies the remainder of the allegations contained in Paragraph 3.07 of the Complaint.

3.08    Denied as stated; Defendant states that there was a skit in or about December 2012 on the topic of appropriate dress in the workplace; is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged email and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.08 of the Complaint.

3.09    Denied as stated; Defendant states that in or about January 2013, one of Plaintiff's peers asked Plaintiff if Plaintiff's clothing was ESD ("Electronic Static Discharge") safe for the

Defendant Hewlett-Packard Company's
<u>Answer to Plaintiff's Original Complaint</u> – Page 3

manufacturing environment; states further that on or about January 31, 2013, Plaintiff sent an email to Mary Austin regarding certain incidents and that said email speaks for itself; denies the remainder of the allegations contained in Paragraph 3.09 of the Complaint.

3.10    Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff "rebuffed" an invitation from Steve Vasquez, whether Plaintiff had contributed money, and Plaintiff's perceived tension among her peers and therefore denies same; denies the remainder of the allegations contained in Paragraph 3.10 of the Complaint.

3.11    Denied as stated; Defendant states that Plaintiff's second level manager encouraged her to eat lunch with her team; denies the remainder of the allegations contained in Paragraph 3.11 of the Complaint.

3.12    Denied as stated; Defendant states that Plaintiff sent Mary Austin emails on or about July 8, 2013 and that said emails speak for themselves; states further that Mary Austin sent Plaintiff an email on or about July 8, 2013 and that said email speaks for itself; states further that subsequently Tammy Parker in Employee Relations contacted Plaintiff and that HP investigated Plaintiff's allegations; states further that the investigation revealed there was no substance to any of Plaintiff's allegations; denies the remainder of the allegations contained in Paragraph 3.12 of the Complaint.

3.13    Denied as stated; Defendant states that Plaintiff mentioned to her manager about some items Plaintiff believed were missing; states further that Plaintiff sent an email to Sheri Bowman in or about that same time but states further that the contents of that email, which speaks for itself, led HP to reasonably believe that workplace violence was a possibility and therefore HP security was instructed not to allow Plaintiff into any HP Locations; denies the remainder of the allegations contained in Paragraph 3.13 of the Complaint.

3.14    Denied as stated; Defendant states that Sheri Bowman sent an email to Plaintiff on or about September 13, 2013 and that said email speaks for itself; states further that Defendant agreed to transfer Plaintiff to another HP location at Plaintiff's request; denies the remainder of the allegations contained in Paragraph 3.14 of the Complaint.

3.15    Denied as stated; Defendant states that Plaintiff sent an email to Sheri Bowman on or about September 16, 2013 and that said email speaks for itself; denies the remainder of the allegations contained in Paragraph 3.15 of the Complaint.

3.16    Denied as stated; on information and belief, Defendant states that Plaintiff communicated with Sedgwick, HP's third-party disability administrator, in or about September 2013; denies the remainder of the allegations contained in Paragraph 3.16 of the Complaint.

3.17    Denied as stated; Defendant states that Plaintiff attempted to return to work on or about October 7, 2013, but as she lacked the required medical documentation, she was not allowed to return to work at that time; is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's communications with Sedgwick and Plaintiff's visit with a UT psychiatrist and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.17 of the Complaint.

3.18    Denied as stated; is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's communications with Sedgwick and therefore denies the same; states that Chris Gault sent an email to Plaintiff on or about November 6, 2013 and that said email speaks for itself; denies the remainder of the allegations contained in Paragraph 3.18 of the Complaint.

3.19    Denied as stated; Defendant states that on or about November 8, 2013, while attempting to enter an HP location, Plaintiff clinched her chest, said that she couldn't breathe,

and then fell to the floor; is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's visit to a psychiatrist and medication and therefore denies the same; denies the remainder of the allegations contained in Paragraph 3.19 of the Complaint.

3.20    Defendant admits only that on or about November 20, 2013, Plaintiff filed a Charge of Discrimination against HP with the Equal Employment Opportunity Commission ("EEOC"); denies that Plaintiff suffered any actionable harm for which HP is liable and denies that Plaintiff is entitled to any relief whatsoever from HP; denies the remainder of the allegations contained in Paragraph 3.20 of the Complaint.

3.21    Denied as stated; Defendant states that a mediation was held at the EEOC on or about March 26, 2014 but was unsuccessful; states further that Plaintiff's employment was terminated in or about June 2014 due to performance-related issues; denies the remainder of the allegations contained in Paragraph 3.21 of the Complaint.

3.22    Defendant denies the allegations contained in Paragraph 3.22 of the Complaint.

## IV.
## FIRST COUNT
## ALLEGED DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

4.01    HP re-alleges and incorporates by reference as if fully set forth herein each of its above responses to Paragraphs 1.01 – 3.22 inclusive of the Complaint.

4.02    Defendant denies the allegations contained in Paragraph 4.02 of the Complaint.

4.03    Defendant denies the allegations contained in Paragraph 4.03 of the Complaint.

4.04    Defendant denies the allegations contained in Paragraph 4.04 of the Complaint.

4.05    Defendant denies the allegations contained in Paragraph 4.05 of the Complaint.

**V.**
**JURY DEMAND and PRAYER for RELIEF**

5.01    Defendant specifically objects to a jury determination of any equitable issue in this action and/or any other issue not triable to a jury; Defendant further denies that Plaintiff is entitled to any relief whatsoever, in law or in equity, based on the allegations of her Complaint.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's applicable burdens of proof or admitting that HP has any burden of proof, HP hereby asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**THIRD DEFENSE**

To the extent Plaintiff has failed to exhaust her administrative remedies, brought claims that exceed the scope of her administrative charge, and/or failed to comply with any procedural prerequisites, prior to bringing her claims before the Court, such claims are barred.

**FOURTH DEFENSE**

Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and that she could be terminated at any time for any reason not specifically prohibited by state or federal law, with or without cause.

**FIFTH DEFENSE**

The Complaint and each cause of action alleged therein is barred, in whole or in part, because all actions and/or omissions by HP concerning Plaintiff occurred via a good faith belief

they were justified by, and done for, legitimate, non-retaliatory, and non-discriminatory business reasons.

## SIXTH DEFENSE

To the extent that Plaintiff has failed to mitigate her alleged damages, in whole or in part, her recovery, if any, must be reduced accordingly.

## SEVENTH DEFENSE

Plaintiff's damages, if any, are limited by the specific limitations on damages contained in 42 U.S.C. § 1981, the U.S. Constitution, the Texas Constitution, and/or any other relevant constitution, statute, law or regulation.

## EIGHTH DEFENSE

The Complaint and each cause of action alleged therein, as well as any alleged damages, are barred, in whole or in part, by the doctrine of after-acquired evidence.

## NINTH DEFENSE

To the extent, if any, that any alleged discriminatory or harassing behavior as alleged by Plaintiff actually occurred, which Defendant denies, Defendant states that it exercised reasonable care to prevent and correct any alleged discriminatory or harassing behavior and that Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant, or otherwise avoid harm.

## TENTH DEFENSE

Defendant alternatively pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's race, or alleged complaints regarding protected activity, or in retaliation for any other alleged protected activity or status, or any other alleged protected activity or status held by Plaintiff.

## ELEVENTH DEFENSE

Defendant alternatively pleads, without waiver of Plaintiff's burden to prove that her termination was motivated by an impermissible factor, assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice, that Defendant would have taken the same action regardless of Plaintiff's protected status and/or absent any alleged unlawful motivation.

## TWELFTH DEFENSE

The Complaint, and each cause of action alleged therein is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTEENTH DEFENSE

To the extent Plaintiff alleges that any employee of HP acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was contrary to HP's policies and good faith efforts to comply with the law, was not authorized or condoned by HP, and was undertaken without the knowledge, authorization or consent of, or ratification by, HP.  Thus, HP is not liable for any such conduct.

## FOURTEENTH DEFENSE

The Complaint, and each cause of action alleged therein is barred, in whole or in part, because HP acted in good faith at all times and with respect to all matters at issue.

## FIFTEENTH DEFENSE

The Complaint, and each cause of action alleged therein is barred, in whole or in part, because Plaintiff's own actions, inactions, conduct, and/or wrongdoing provided an independent, objective reason for her discharge.

**SIXTEENTH DEFENSE**

Subject to a reasonable opportunity for discovery, some of Plaintiff's allegations are barred by the exclusivity provisions of the Texas Worker's Compensation statute.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to allege facts sufficient to state a claim for punitive damages because there is no evidence that HP engaged in any discriminatory practice with malice or with reckless or callous indifference to Plaintiff's federally protected rights.

**EIGTHTEENTH DEFENSE**

Plaintiff's request for punitive damages is barred by HP's good faith efforts to comply with all applicable laws, including but not limited to 42 U.S.C. §1981.

**TWENTHIETH DEFENSE**

To the extent that discovery reveals facts which support additional affirmative defenses, HP retains the right to add such affirmative defenses hereto.

**PRAYER**

**WHEREFORE,** HP prays as follows:

1.  That Plaintiff take nothing by reason of her Complaint and that said Complaint be dismissed with prejudice in its entirety;

2.  That judgment be awarded in favor of HP;

3.  That HP be awarded its costs of suit herein; and

4.  That HP be awarded such other and further relief, both at law and in equity, to which it may show itself justly entitled.

August 15, 2014                                    Respectfully submitted,

                                                   REED SMITH LLP

                                          By:      /s/ *Fazila Issa*
                                                   Fazila Issa
                                                   State Bar No. 24046136
                                                   Federal ID No. 566478
                                                   fissa@reedsmith.com
                                                   REED SMITH LLP
                                                   811 Main Street, Suite 1700
                                                   Houston, Texas 77002
                                                   713-469-3800 Telephone
                                                   713-469-3899 Facsimile

                                                   Attorneys for Defendant

**Of Counsel:**

Dorothy Abzanka Culham
Texas State Bar No. 05207550
Hewlett-Packard Company
Office of the General Counsel
5400 Legacy Drive
Plano, Texas  75024
972-605-4132 Telephone
972-605-4075 Facsimile
dorothy.culham@hp.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 15, 2014, a true and correct copy of the foregoing document was served, via the Court's Electronic Case Filing System on all counsel of record:

W.D. Masterson

D. Elizabeth Masterson

KILGORE & KILGORE, PLLC

3109 Carlisle Street

Dallas, Texas 75204

/s/ *Fazila Issa*

Fazila Issa